UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-1103(DSD/TNL)

Brian Potocnik,

       Plaintiff,

v.                                      **ORDER**

Anoka County, et al.,

       Defendants.

    This matter is before the court sua sponte. Without effective service or waiver of process, the court lacks personal jurisdiction over a defendant. See Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). A plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendants. See Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). When considering whether personal jurisdiction exists, the court views the evidence in the light most favorable to the plaintiff and may consider matters outside the pleadings. Id.; see Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072-73 (8th Cir. 2004).

    Where "a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff[1] - must dismiss the action without

---

[1] Potocnik's March 19, 2014, letter to the court indicates that he is on notice of the relevant service defects and the potential for dismissal of the claims against the unserved defendants. See ECF No. 93; cf. Dace v. Smith-Vasquez, 658 F.
(continued...)

prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, plaintiff Brian Potocnik failed to serve defendants City of Minneapolis and City of St. Paul (collectively, unserved defendants) within the 120-day time period prescribed by the rule.

If a plaintiff shows good cause for the failure, however, "the court must extend the time for service for an appropriate period." Id. Here, Potocnik explains that "[d]efendants Minneapolis and St. Paul were not served inadvertently due to a clerical error on [Potocnik's] part." ECF No. 93. Mere inadvertence, however, does not constitute good cause. See Salow v. Circus-Circus Hotels, Inc., 108 F.R.D. 394, 396 (D. Nev. 1985). As a result, Potocnik cannot demonstrate good cause for the failure of service.

Even if a plaintiff cannot establish good cause for the failure of service, the court may nonetheless extend the time for service if the plaintiff can show "excusable neglect." Kurka v. Iowa Cnty., Iowa, 628 F.3d 953, 957 (8th Cir. 2010). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances

---

(...continued)
Supp. 2d 865, 872 (S.D. Ill. 2009) ("While the rule generally requires notice [by the court] before an action is dismissed pursuant to Rule 4(m), the purpose of such notice is to give the plaintiff an opportunity to show good cause for the failure .... Under th[e]se circumstances, [p]laintiff cannot show good cause and notice [by the court] pursuant to Rule 4(m) would serve no useful purpose.").

2

surrounding the party's omission." Id. at 959 (citation and internal quotation marks omitted). "In determining whether neglect is excusable, the following factors are particularly important: (1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." Id. (citations omitted). "These factors do not bear equal weight as the reason for delay is generally a key factor in the analysis." Id. (citation omitted).

Here, as already explained, the delay was attributable solely to a "clerical error" of Potocnik. Such a reason was within Potocnik's control and is not of the sort that has been found to constitute excusable neglect. See Metcalf v. City of Minneapolis, No. 11-3023, 2012 WL 2357573, at *4 (D. Minn. June 20, 2012) (collecting cases). Further, the unserved defendants were not served until 314 days after the filing of the complaint, and to date have not been effectively served.[2] Such a delay has prejudiced the unserved defendants and impacted the judicial proceedings, as the unserved defendants did not file answers or motions to dismiss and the other defendants have proceeded through

---

[2] Potocnik informed the court on March 19, 2014, of his untimely attempt to accomplish service on the unserved defendants. See ECF No. 93. Such an attempt, however, does not comply with the requirements of Rule 4. As a result, the court considers Potocnik's attempted service ineffective.

motion practice.[3]  Moreover, Potocnik was not diligent in correcting the error; the February 21, 2014, order of the court granting the motions to dismiss and for judgment on the pleadings specifically excluded the unserved defendants.  See ECF No. 79, at 2.  In sum, even though there is no evidence of bad faith, "the totality of the circumstances [does] not warrant a discretionary extension."  Kurka, 628 F.3d at 959.  Thus, dismissal without prejudice is warranted as to the claims against the unserved defendants.  As a result, all defendants have now been dismissed from the matter.

Accordingly, **IT IS HEREBY ORDERED** that Potocnik's claims against the City of Minneapolis and the City of St. Paul are dismissed without prejudice, and the Clerk of Court is directed to enter final judgment as to all parties.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 26, 2014

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court

---

[3] Even if the unserved defendants did not suffer prejudice due to their actual notice of the matter, "the lack of prejudice to a defendant alone is insufficient to constitute excusable neglect." Metcalf, 2012 WL 2357573, at *4 (citation omitted).